IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| In re: IKO Roofing Shingle Products Liability Litigation | Case No. 09-md-2104<br>MDL Docket No. 2104 ALL CASES |
| JAMES K. CANTWIL,<br>individually and on behalf of himself and other similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IKO MANUFACTURING INC.,; IKO INDUSTRIES INC.; IKO INDUSTRIES LTD.; IKO MIDWEST INC.; and IKO PRODUCTION INC.,<br><br>Defendants. | Case No. 2:09-cv-02298 (consolidated)<br>Transferred from United States District Court for the Northern District of Illinois<br><br>Judge Harold A. Baker |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AS TO THE CLAIMS OF PLAINTIFF JAMES CANTWIL**

Plaintiff James Cantwil, a resident of Michigan, cannot assert any of his claims in this Court. For example, the warranty he seeks to enforce in his claim for breach of express warranty only provides coverage for "manufacturing defects resulting in leaking," but he readily admitted that any purported defects in his shingles never resulted in any leaking in his home. In addition, some of his claims are also time-barred by the applicable Michigan or Illinois statutes of limitations.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.  Plaintiff James Cantwil resides in Flushing, Michigan in a home that he had built with IKO-brand Renaissance XL roofing shingles in 1995. (Cantwil Dep., attached as Exhibit A, at 10:4-12; 11:11-16, 15:14-16, 50:4-17).

2. Michael Walling, the builder of Cantwil's home, purchased the shingles from JB Supply Company in Michigan. (Ex. A at 15:23-25). Walling hired a subcontractor to install Cantwil's shingles. (*Id.* at 16:1-6).

3. Cantwil did not discuss the selection, purchase, or installation of his IKO-brand shingles with his builder at any time during the construction of his home. (Ex. A at 18:5-18; 19:17-20:6).

4. Prior to the purchase and installation of his shingles, Cantwil neither requested nor received a copy of Defendants' limited warranty. (Ex. A at 28:24-29:16). He had never heard of IKO, did not speak with any IKO employees, did not see any IKO advertisements, and did not visit IKO's website. (*Id.* at 23:11-13, 30: 15). Cantwil was unaware that he had IKO-brand shingles on his roof until 2007. (*Id.* at 17:17-24; 19:6-16; 32:15-20).

5. One of at least two written limited warranties could apply to Cantwil's shingles, from IKO Industries Inc. (November 1994 and April 1995). (*See* Declaration of Andrew Eckert, attached as Exhibit B, and attachments 1 and 4 thereto).

6. Cantwil first became aware that his shingles were curling, cracking, degranulating, and that pieces were falling off the roof in June 2007. (Ex. A at 34:19-22; 36:19-37:6). None of these alleged problems resulted in leaking, and Cantwil has not experienced any water damage within his home. (*Id.* at 69:1-17; 103:2-13).

7. In 2008, Cantwil spoke with Defendants' customer service representative, who sent him a warranty claim form. Cantwil submitted a warranty claim in March 2009. (Ex. A at 66:4-17). Cantwil received an offer of payment of $1,153.64, along with a Good Will Release of Warranty, from Defendants. (*Id.* at 77:2-5). Cantwil rejected Defendants' offer. (*Id.* at 83:11-12).

8. Cantwil filed his complaint against Defendants in the United States District Court for the Northern District of Illinois and the United States District Court for the Central District of

Illinois on July 24, 2009. (Case No. 09-4443, D.E. 3; Case No. 09-2298, D.E. 3). It was then transferred to this Court and consolidated into Plaintiffs' Fourth Amended Consolidated Class Action Complaint. (D.E. 104).

## ARGUMENT

### I. Legal Standards

#### A. Summary Judgment Standard

Summary judgment is appropriate when the moving papers show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Maclin v. SBC Ameritech*, 520 F.3d 781, 785 (7th Cir. 2008); *Taylor v. Casteel*, No. 08-3289, 2010 U.S. Dist. LEXIS 138274, at *1 (C.D. Ill. Dec. 30, 2010). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006); *Hale v. Scott*, 252 F. Supp. 2d 728, 729 (C.D. Ill. 2003); *Brumsfield v. Dintelman*, No. 04-1165, 2006 U.S. Dist. LEXIS 9177, at *6 (C.D. Ill. Feb. 23, 2006). A mere scintilla of evidence in support of the non-movant's position is insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A party will not be successful in opposing summary judgment unless it presents "definite, competent evidence to rebut the motion." *EEOC v. Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000).

Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322; *Brumsfield*, 2006 U.S. Dist. LEXIS 9177, at *6-7 ("[S]ummary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted.").

3

B.     **Choice of Law**

"When a diversity case is transferred by the multidistrict litigation panel, the law applied is that of the jurisdiction from which the case was transferred," including the transferor court's choice of law rules. *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 732 (7th Cir. 2010). In other words, for purposes of choice of law, the Seventh Circuit treats each individual case within the MDL as if it is a stand-alone diversity case in the district it was originally brought. *Id.* Cantwil, a Michigan resident, originally filed his complaint in the United States District Court for the Central District of Illinois and then re-filed it in the Northern District of Illinois. The Judicial Panel on Multidistrict Litigation then transferred the case to this Court. Consequently, Illinois choice of law rules apply.

Illinois choice of law rules follow the "most significant relationship" test. *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 343 (N.D. Ill. 2002). Under that test, the law of the place of injury presumptively applies. *Fredrick v. Simmons Airlines*, 144 F.3d 500, 504 (7th Cir. 1998); *Abad v. Bayer Corp.*, 563 F.3d 663, 669 (7th Cir. 2009); *Carris v. Marriott Int'l Inc.*, 466 F.3d 558, 560 (7th Cir. 2006). In this case, Michigan substantive law applies, because Cantwil resides in Michigan, the shingles at issue are located in Michigan, and the purported injury occurred in Michigan.[1]

Notably, in *Chang*, the Seventh Circuit also held that the transferor court's statute of limitations, including its borrowing statute, applies to diversity cases that have been consolidated for pretrial proceedings. *Chang*, 599 F.3d at 732. Illinois statutes of limitations, including its borrowing statute, therefore also apply to Cantwil's claims.

The Illinois borrowing statute provides that "when a cause of action has arisen in a state or territory out of this State . . . and, by the laws thereof, an action thereon cannot be maintained by

---

[1] Plaintiffs do not dispute that Michigan substantive law applies to Cantwil's claims. (D.E. 163, pp. 21-22.)

4

reason of lapse of time, an action thereon shall not be maintained in this State." 735 ILL. COMP. STAT. 5/13-210; *American Heavy Trading v. Gen. Elec. Co.*, No. 93-c-3609, 1996 U.S. Dist. LEXIS 14225, *17 (N.D. Ill. Sept. 27, 1996). *In re VMS Ltd. Partnership Sec. Litig.*, 803 F. Supp.179, 197, n.16 (N.D. Ill. 1992). Under the Illinois borrowing statute, the Court applies the shorter of the Illinois or Michigan statute of limitations. *In re VMS*, 803 F. Supp. At 197, n. 16. The Court first looks to whether the claim is time-barred in Michigan, where the cause of action arose. *Id.* If it is time-barred in Michigan, it is also barred in Illinois. *Id.* However, if it is timely in Michigan, but time-barred in Illinois, Illinois' shorter statute of limitations applies and the claim nonetheless is barred. *Id.*

Here, summary judgment should be granted in Defendants' favor on all of Cantwil's claims. Each of his claims fails as a matter of Michigan substantive law. In addition, Counts I, II, IV, and VII are time-barred.

## II.     All of Cantwil's Claims Fail as a Matter of Michigan Law.

All of Cantwil's claims are barred as matters of fundamental Michigan law. His claim for breach of express warranty (Count I) and his duplicative claim for breach of contract (Count IV) fail because Defendants did not breach the terms of the applicable limited warranty. His breach of implied warranty claim (Count II) fails because the applicable limited warranty conspicuously disclaims any implied warranties in accordance with Michigan law. His claim for violation of the Michigan Consumer Fraud Act (Count III) fails because he did not rely on any alleged misrepresentation or omission. His claim for fraudulent concealment (Count V) fails because Michigan law imposes no duty to disclose in the absence of a fiduciary duty, which did not exist here in this routine commercial transaction, and Cantwil did not rely on any alleged non-disclosure anyway. His negligence claim (Count VI) fails pursuant to Michigan's version of the economic loss doctrine. Finally, his equitable claim for unjust enrichment (Count VII) fails because he has an

5

adequate remedy at law in the form of money damages, because a valid contract (*i.e.*, the limited warranty) governs the parties' rights, and because Michigan law does not recognize unjust enrichment claims by indirect purchasers such as Cantwil.

    **A.** **Cantwil's Breach of Express Warranty Claim (Count I) and Duplicative Breach of Contract Claim (Count IV) Fail Because Defendants Did Not Breach the Terms of the Limited Warranty in the Absence of a Defect that Resulted in Leaks.**

Cantwil's express warranty claim is governed by Michigan's Uniform Commercial Code ("UCC"), M.C.L.S. § 440.1101, *et. seq.* *See Kitzner v. Houghton Fluid Care,* No. 265148, 2007 Mich. App. LEXIS 88, *14 (Mich. Ct. App. Jan. 18, 2007).

Cantwil constructed a new home with IKO shingles in 1995. (Ex. A at 15:14-16). One of at least two written limited warranties could apply to Cantwil's shingles, from IKO Industries Inc. (November 1994 and April 1995). (Ex. B.1 and B.4.) All of these limited warranties provide specific remedies under particular circumstances. They also contain several explicit exclusions and limitations. Importantly, Defendants' warranty coverage is restricted by its terms to "manufacturing defects **resulting in leaking**." (*Id.*)

Cantwil testified that his shingles were curling, cracking, degranulating, and that pieces of the shingles were falling off the roof. (Ex. A at 34:19-22; 36:19-37:6). However, none of these alleged problems resulted in leaking. (*Id.* at 69:1-17). Cantwil admitted that the shingles did not cause leaks at any time before he filed the lawsuit in 2009 and that he has not experienced any water damage within his home. (*Id.*) Thus, Cantwil is not entitled to recover under the terms of the limited warranty, and summary judgment should be granted in Defendants' favor on Cantwil's claim in Count I.[2]

---

[2] Because Plaintiffs have not alleged the existence of any contract other than Defendants' limited warranty, Cantwil's duplicative claim for breach of contract in Count IV fails for the same reason.

> **B.    Cantwil's Claim for Breach of the Implied Warranties of Merchantability And Fitness (Count II) Fails Due To a Conspicuous Disclaimer in the Limited Warranty.**

Section 2-316(2) of the UCC, which has been adopted in Michigan, permits a party to disclaim the implied warranties of fitness and merchantability. M.C.L.S. § 440.2316 (2011); *Davis v. LaFontaine Motors, Inc.*, 271 Mich App. 68, 76 (Mich. Ct. App. 2006) (trial court erred in denying defendant's motion for summary judgment because plaintiff's breach of implied warranty claim was barred by disclaimer). To properly disclaim the implied warranties, the disclaimer must mention the word "merchantability" and must be conspicuous. *Davis*, 271 Mich App. at 76. Language in the body of a form is conspicuous if it is in capital letters. *Id.*

Defendants are entitled to judgment as a matter of law on Count II because each of the limited warranties that potentially apply to Cantwil contains a properly worded and conspicuous disclaimer of any implied warranties of merchantability or fitness for a particular purpose. Specifically, the limited warranties provide the following in all capital letters:

> **THIS LIMITED WARRANTY EXCLUDES ALL IMPLIED WARRANTIES, INCLUDING MERCHANTABILITY AND FITNESS…**

and:

> **THIS WARRANTY REPLACES ALL OTHER ORAL OR WRITTEN WARRANTIES, LIABILITIES OR OBLIGATIONS OF IKO. THERE ARE NO WARRANTIES, WHICH EXTEND BEYOND THE DESCRIPTION IN THE FACT HEREOF. IKO WILL NOT BE LIABLE FOR ANY ORAL STATEMENT OR OTHER WRITTEN STATEMENT ABOUT THE SHINGLE, WHETHER SUCH STATEMENTS ARE MADE BY AN AGENT OR EMPLOYEE OF IKO OR BY ANY OTHER PERSON. IKO DOES NOT AUTHORIZE ITS REPRESENTATIVES, DISTRIBUTORS, CONTRACTORS OR DEALERS TO MAKE ANY CHANGES OR MODIFICATIONS TO THIS WARRANTY.**

(*See* Ex. B.1 and B.4.)

Because Defendants' limited warranties properly disclaim implied warranties, Cantwil's implied warranty claim fails as a matter of law.[3]

### C. Cantwil's Fraudulent Concealment Claim (Count V) Fails Because Defendants Had No Duty to Disclose, And He Did Not Rely on Any Purported Non-Disclosure.

In Michigan, a fraudulent concealment claim requires a duty to disclose. *Carr v. Wittingen*, 182 Mich. App. 275, 281 (Mich. Ct. App. 1990) (affirming summary judgment for defendant on fraudulent concealment claim because no fiduciary relationship existed between parties). A duty to disclose only arises when the parties have a fiduciary relationship. *Id*. A claim for fraudulent concealment also requires proof that the plaintiff relied on the alleged non-disclosure. *Id*.; *see also Zaschak v. Traverse Corp.*, 123 Mich. App. 126, 129 (Mich. Ct. App. 1983) (affirming summary

---

[3] To the extent that Plaintiffs makes the conclusory argument that Defendants' limited warranty failed of its essential purpose, that doctrine is inapplicable to Cantwil's claims. The failure of essential purpose doctrine applies only when the defendant is unable to provide the relief promised in the warranty, not when the plaintiff is dissatisfied with the relief available under the warranty. *See Admiral Constr. & Main. v. Volvo Trucks N.A., Inc.*, No. 10-13651, 2011 WL 4694853, *6-7 (E.D. Mich. Oct. 6, 2011) (remedy of repair and replacement did not fail of its essential purpose when defendant repaired the truck each time that a claim was made, which was exactly what it contracted to do under the warranty); *Price Bros. Co. v. Charles Rogers Constr. Co.*, 104 Mich. App. 369, 374, 304 N.W.2d 584 (Mich. App. 1981) (remedy did not fail of its essential purpose when defendant offered the relief available under the contract, "even if the contracted-for remedy is, in fact, no remedy at all") Accordingly, the doctrine applies where the exclusive remedy under the warranty is "repair or replacement" of the product, and the seller is unable to repair the product or provide a suitable replacement, but it does not apply where a cash remedy is available. *See, e.g, National Mulch & Seed, Inc. v. Rexius Forest By-Products Inc.,* No. 02-cv-1288, 2007 WL 894833, at *29 (S.D. Ohio Mar. 22, 2007) (limitation on consequential damages did not fail of its essential purpose where remedy was not limited to repair and replacement and limited monetary relief was available); *Garden State Food Distrib. v. Sperry Radio Corp.*, 512 F. Supp. 975, 978 (D.N.J. 1981) (remedy that provided cash relief if the defendant did not repair or replace the product did not fail of its essential purpose); *Kathenes v. Quick Chek Food Stores*, 596 F. Supp. 713, 717 (D.N.J. 1984) (remedy that limited purchaser to refund of purchase price does not fail of its essential purpose). It is undisputed that Cantwil submitted a warranty claim in March 2009 and received an offer of payment from Defendants of $1,153.64. (Ex. A at 61-63, 66, 69-70). Cantwil rejected Defendants' offer. (*Id*. at 69-70, 73, 83). Because Defendants offered Cantwil the prorated value of his shingles in accordance with the terms of the limited warranty, the relief offered by Defendants' limited warranty did not fail of its essential purpose.

judgment for defendants on fraudulent concealment claim, holding that "an action in fraud must definitely and issuably set forth the facts . . . relied upon for recovery.")

Cantwil's claim for fraudulent concealment fails as a matter of law for two reasons. First, Defendants had no duty to disclose merely by virtue of a commercial transaction between the parties. The undisputed facts are that Cantwil's builder bought shingles and that one of the Defendants manufactured them. There are no facts whatsoever to support any special or fiduciary relationship between Cantwil and one or more of the Defendants. In the absence of such a special or fiduciary relationship, Cantwil cannot pursue a claim of fraudulent concealment.

Second, Cantwil has failed to establish that he relied on any purported non-disclosure by Defendants. Cantwil did not purchase his shingles. (Ex. A at 15:23-25). In fact, he was unaware that he had IKO shingles on his roof until 2007. (*Id.* at 17:17-24; 19:6-16). Prior to 2007, Cantwil had never heard the name IKO, and he had neither seen nor relied upon a single document created by an IKO entity. (*Id.* at 23:11-13, 30: 15). He did not even speak with his builder about the selection of roofing shingles to be installed on his roof. (*Id.* at 18:5-18; 19:17-20:6). Because Cantwil did not rely on any purported non-disclosure, the Court should grant summary judgment in Defendants' favor on Cantwil's claim in Count V.

### D.    Cantwil's Claim Under the Michigan Consumer Protection Act (Count III) Fails Because There Is No Causation.

To bring a claim under the Michigan Consumer Protection Act, M.C.L. § 445.901, *et seq.*, Cantwil must prove that he "suffer[ed] loss as a result of [Defendants'] violation of the [Act]."[4] *See Hendricks v. DSW Shoe Warehouse Inc.*, 444 F. Supp. 2d 775, 781-82 (W.D. Mich.

---

[4] Cantwil purports to assert his claim "in the alternative" under the Michigan Consumer Protection Act. (D.E. 104, ¶ 156, n. 1). He could not assert a claim under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") because the plaintiff must be a resident of Illinois or the transactions underlying the claim must occur "primarily and substantially" in Illinois. *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 180 (2005); *Barbara's Sales, Inc. v. Intel Corp.*,

(continued…)

2006) (dismissing claim under Michigan Consumer Protection Act where no facts showing loss as a result of defendant's conduct).

In the present case, Cantwil admitted that he did not view any of Defendants' advertising materials, nor did he communicate with Defendants' representatives, prior to purchasing his shingles in 1995. (Ex. A at 28:24-29:16). He contacted Defendants for the first time in 2008, and submitted a warranty claim in March 2009. (*Id.* at 66:4-17). Moreover, he did not review Defendants' limited warranty until 2008 or 2009, when he obtained a copy of a warranty from Defendants' website. (Ex. A at 31:16-32:1.) Because it is undisputed that Cantwil received no verbal or written representation from any of the Defendants before or during the purchase of his shingles, it is impossible that his damages were a result of any purported representations of Defendants. In the absence of such a showing, Cantwil's claim under the Michigan Consumer Protection Act, § 445.901, *et seq.*, fails as a matter of law.

E.   **Cantwil's Negligence Claim (Count VI) Is Barred By the Economic Loss Doctrine.**

In Michigan, the "exclusive remedy" for a plaintiff seeking to recover for economic loss caused by a defective product purchased for commercial purposes is provided by the UCC. *Flynn v. Damal*, No. 98-cv-483, 1999 U.S. Dist. LEXIS 12456, at *18 (W.D. Mich. Aug. 6, 1999) (granting summary judgment for defendant-homebuilder under economic loss doctrine where plaintiffs merely alleged that they sustained economic losses as a result of defendant's alleged negligence). In other words, Michigan follows the economic loss doctrine, which "bars tort recovery and limits remedies to those available under the Uniform Commercial Code where a claim for damages arises out of the commercial sale of goods and losses incurred are purely economic." *H.C. Smith Invs.,*

---

227 Ill. 2d 45, 60 (2007) (quoting *Avery*, 216 Ill. 2d at 186); *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 396 (7th Cir. 2009) (quoting *Avery*, 216 Ill. 2d at 187). To the extent he purports to assert an ICFA claim in addition to his claim under Michigan's consumer protection statute, it fails as a matter of law.

*L.L.C. v. Outboard Marine Corp.*, No. 00-cv-128, 2000 U.S. Dist. LEXIS 17132, at *5-6 (W.D. Mich. Nov. 13, 2000)  (dismissing all tort claims as barred by economic loss doctrine); *Neibarger v. Universal Corp, Inc.*, 486 N.W.2d 612, 613 (Mich. 1992) ( affirming summary judgment for defendants on negligence claim because "[w]here a purchaser's expectations in a sale are frustrated, his remedy is said to be in contract alone, for he has suffered only 'economic losses.'").

Cantwil is alleging that his shingles prematurely failed and seeks monetary damages for the replacement of his shingles. (Ex. A at 115:11-117:8.)  He has no damage to any other property. (*Id*. at 69:1-17.) Indeed, he admitted that none of the alleged problems he had with his shingles resulted in any leaking or water damage within his home.  (*Id*. at 69:1-17; 103:2-13). Therefore, his negligence claim is barred by the economic loss doctrine, and his exclusive remedy, if any, is for breach of warranty under the UCC.  Therefore, Cantwil's claim in Count III fails as a matter of law, and summary judgment should be granted in Defendants' favor.

> **F.     Cantwil's Unjust Enrichment Claim (Count VII) Fails Because He Has an Adequate Remedy at Law, a Valid Contract Governs the Parties' Rights, and He Purchased His Shingles from a Third Party.**

The equitable doctrine of unjust enrichment is available only when there is no adequate remedy at law.  *See, e.g., Pacheco v. Boar's Head Provisions Co.*, No. 09-cv-298, 2010 U.S. Dist. LEXIS 30463, at *13-14 (W.D. Mich. Mar. 30, 2010) (dismissing plaintiffs' complaint and request for class certification and holding that "Michigan [has] consistently held that "[e]quity will not take jurisdiction where there is a full, complete, and adequate remedy at law . . . ."); *Slusher v. Frome*, 364 Mich. 110, 110 N.W.2d 672, 672-73 (Mich. 1961) (affirming dismissal of an equitable claim where the plaintiff had a "full, adequate and complete remedy at law"); *Romeo Inv. Ltd. v. Michigan Consol. Gas Co.*, No. 260320, 2007 Mich. App. LEXIS 1190, at *9 (Mich. Ct. App. May 1, 2007) (reversing and dismissing unjust enrichment claim because "[w]hen a plaintiff has set forth

11

both legal and equitable claims seeking identical relief and covering the same subject matter, the proper course is generally dismissal of the equitable claim.")

Michigan courts also refuse to imply a contract where an express contract exists. *Underwood v. Albery*, No. 292151, 2010 Mich. App. LEXIS 2339, *5 (Mich. Ct. App. Dec. 7, 2010) (affirmed grant of summary judgment for defendant, noting that "when there is an express contract covering the same subject matter, summary disposition of the unjust enrichment claim is properly granted").

In addition, Michigan requires a direct relationship between the plaintiff purchaser and the defendant to bring an unjust enrichment claim, because consumers who purchase a product from a third party confer a benefit on that third party, not on the defendant. *See, e.g., A & M Supply v. Microsoft Corp.,* No. 274164, 2008 Mich. App. LEXIS 433, at *2-3 (Mich. Ct. App. Feb. 28, 2008) (dismissing class plaintiffs' unjust enrichment claim because "there was no direct receipt of any benefit by defendant . . . . from the persons seeking class certification" and concluding that the doctrine is inapplicable to "indirect purchasers"); *New Dimension Dev. v. Orchard*, No. 262565, 2005 Mich. App. LEXIS 2667, at *6 (Mich. Ct. App. Oct. 27, 2005) (reversing trial court's improper denial of summary judgment on plaintiff's unjust enrichment claim where there was no issue of material fact that defendant had never directly benefited from plaintiff).

Cantwil's unjust enrichment claim fails for three reasons. First, because he seeks monetary damages, he has an adequate remedy at law. Second, because he claims that a valid written contract (*i.e.,* one of two potentially applicable limited warranties) governs the dispute between Defendants and him, his unjust enrichment claim fails as a matter of law. Finally, because Cantwil never purchased the shingles directly from Defendants (Ex. A at 15:23-25), he did not confer any direct benefit and has no claim for unjust enrichment against Defendants under Michigan law.

12

III. **Cantwil's Breach of Contract, Unjust Enrichment, and Breach of Express and Implied Warranty Claims Are Time-Barred.**

Defendants are entitled to summary judgment on Cantwil's claims for breach of implied warranty (Count II), breach of contract (Count IV), and unjust enrichment (Count VII) because those claims are barred by the governing statutes of limitations. Defendants are also entitled to summary judgment on Cantwil's claim for breach of express warranty (Count I) because that claim is barred by the limitations period set forth in the governing warranty.

> A. **Cantwil's Implied Warranty Claim (Count II) Is Barred By Michigan's Four-Year Statute of Limitations.**

Under Michigan law, all claims for breach of implied warranty must be brought within four years of tender of delivery, regardless of when the breach is discovered. *Frey Dairy v. A.O. Smith Harvestore Prod., Inc.*, 886 F.2d 128, 131 (6th Cir. 1989) (affirming dismissal of expired implied warranty claim); M.C.L. § 440.2725(1)-(2). By definition, implied warranties do not extend to future performance. *Frey Dairy v. A.O. Smith Harvestore Prod., Inc.*, 680 F.Supp. 253, 255 (E.D. Mich. 1988) (dismissing time-barred implied warranty claim).

As discussed above, the shingles were sold in 1995. (Ex. A, 15:14-15:18.) Any breach of implied warranty occurred, if at all, when the shingles were sold; consequently, the four-year statute of limitations expired in 1999. However, Cantwil did not file his complaint until a decade later in 2009. Thus, his claim in Count II is time-barred by the Michigan UCC's four-year statute of limitations.

> B. **Cantwil's Breach of Contract Claim (Count IV) Is Barred by Michigan's Six-Year Statute of Limitations.**

Michigan has a six-year statute of limitations for breach of contract and does not apply the discovery rule. *Phillips v. Daktronics, Inc.*, No. 07-cv-14662, 2008 U.S. Dist. LEXIS 8178, *7 (E.D. Mich. Feb. 5, 2008) (dismissing plaintiff's breach of contract claim because it was time-barred, noting that a cause of action for breach of contract must be brought within six years after the

13

claim accrues, and the claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results," and without regard to when the breach is discovered). Cantwil's breach of contract claim is time-barred. The shingles were sold in 1995. (Ex. A, 15:14-15:18.) Any breach of contract occurred, if at all, when the shingles were sold; consequently, the six-year statute of limitations expired in 2001. However, Cantwil did not file his complaint until 2009. Thus, Cantwil's breach of contract claim is time-barred by Michigan's six-year statute of limitations.

      C.      **Cantwil's Unjust Enrichment Claim (Count VII) Is Barred by Illinois' Five-Year Statute of Limitations.**

Illinois' statute of limitations for unjust enrichment is five years. *Zic v. Italian Gov't Travel Office*, 149 F. Supp. 2d 473, 476 (N.D. Ill. 2001) (unjust enrichment claim dismissed because it was time-barred). Whereas, Michigan's statute of limitations for unjust enrichment is six years. *Underwood*, 2010 Mich. App. LEXIS 2339 at *7. Illinois' five-year statute of limitations governs because it is shorter than the Michigan statute of limitations.

Cantwil's unjust enrichment claim is time-barred. He alleges that Defendants were unjustly enriched when the shingles were sold in 1995. (D.E. 104 ¶¶ 52, 185-187; Ex. A at 15:14-15:18.) Illinois' five-year statute of limitations expired in 2000 (and Michigan's six-year statute of limitations expired in 2001). However, Cantwil did not file his complaint until 2009. Thus, Cantwil's claim in Count VII for unjust enrichment is barred by both the Illinois and Michigan statutes of limitations.

      D.      **Cantwil's Breach of Express Warranty Claim (Count I) Is Barred by The One-Year Limitations Period In Defendants' Limited Warranty.**

By agreement, parties may reduce the statute of limitations period to not less than one year. *Mun. Employees Ret. Sys. v. Compuware Corp.,* No. 268701, 2006 Mich. App. LEXIS 1992, *5-9 (Mich. Ct. App. June 22, 2006) (affirming summary judgment in favor of the defendant because

plaintiff's claim was time-barred by the one-year contractual limitations period). Under Defendants' limited warranties, any claim for breach of warranty must be asserted within one year after it accrues. (Ex. B.1 and B.4.) It provides in relevant part: "No action for breach of this limited warranty shall be brought later than one (1) year after any cause of action has accrued." (*Id.*)

Cantwil's breach of express warranty claim is time-barred under the contractual one-year limitations period. The shingles at issue were sold in 1995. (Ex. A, 15:14-15:18.) Cantwil admitted that he first discovered a problem with the shingles in 2007, yet he did not file his complaint until 2009, well after the contractual limitations period had run. (Ex. A, 32:15-32:20.) Accordingly, Cantwil's claim in Count I is time-barred, and summary judgment should be granted in Defendants' favor.[5]

---

[5] To the extent Cantwil argues that his claims are not barred by the applicable statutes of limitations because they were tolled as a result of Defendants' fraudulent concealment of facts, such an argument would be frivolous. First, Cantwil has not come forward with any evidence of fraudulent concealment by Defendants to survive a motion for summary judgment. *Bradley v. Gleason Works*, 175 Mich. App. 459, 463, 438 N.W.2d 330 (1989) (dismissing complaint as time-barred because there was no evidence of fraudulent concealment). Second, the doctrine of fraudulent concealment has absolutely no applicability where a plaintiff alleges that he already discovered his injury from a defective product outside the limitations period. *Curry v. A.H. Robins Co.*, 775 F.2d 212, 218 (7th Cir. 1985) (affirming dismissal based on statute of limitations, stating "mere silence of the defendant and failure by the plaintiff to learn of the cause are not sufficient to constitute fraudulent concealment")*; Marvin Lumber and Cedar Co. v. PPG Ind., Inc.*, 223 F.3d 873, 876-78 (8th Cir. 2000) (summary judgment for manufacturer of wood coating because alleged concealment of facts regarding the defective nature of the product would not have prevented plaintiffs from discovering the actual failure of the products in their possession); *Drobnak v. Andersen Corp.*, 561 F.3d 778, 786 (8th Cir. 2009) ("To make out his breach of contract and breach of warranty claims, [plaintiff] was required to plead that his Andersen windows were not performing as promised, and those facts were in his hands."); *Gomez v. Great Lakes Steel Div. Nat'l Steel Corp.*, 803 F.2d 250, 254 (6th Cir. 1986) ("Fraudulent concealment under Michigan law requires fraudulent concealment of the cause of action, as opposed to non-disclosure of facts or evidence which support the claim.") Here, it is undisputed that Cantwil allegedly discovered problems with his shingles in June 2007. (Ex. A at 34:19-22; 36:19-37:6). Thus, his claim accrued in 2007 outside the limitations period, and the doctrine of fraudulent concealment does not apply.

**WHEREFORE**, Defendants respectfully request that the Court grant summary judgment in Defendants' favor on all of James Cantwil's claims in Plaintiffs' Fourth Amended Complaint, and grant such other and further relief as the Court deems just and proper.

Dated: February 3, 2012                              Respectfully submitted,

**IKO MANUFACTURING INC.,
IKO INDUSTRIES INC.,
IKO INDUSTRIES LTD.,
IKO MIDWEST INC., and
IKO PRODUCTION INC.**

By: /s/ Christopher M. Murphy
   One of Their Attorneys

Christopher M. Murphy (cmurphy@mwe.com)
Steven P. Handler (shandler@mwe.com)
Michael A. Pope (mpope@mwe.com)
Aron J. Frakes (ajfrakes@mwe.com)
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago Illinois  60606
Tel: (312) 372-2000
Fax: (312) 984-7700

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2012, I caused a copy of the foregoing document to be served upon all counsel of record via ECF Notice of Electronic Filing.

/s/   Christopher M. Murphy

DM_US 31374408-4.085063.0011