UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| In re:<br><br>IKO ROOFING SHINGLE PRODUCTS LIABILITY LITIGATION<br><br>-------------------------------------------------------<br>**This Motion Relates To**<br><br>**ALL CASES** | Case No. 09-md-2104<br>MDL Docket No. 2104 |

## ORDER PRELIMINARY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

This case came before the Court on Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement. Plaintiffs have entered into an Agreement Of Compromise And Settlement ("Settlement Agreement") with IKO Manufacturing, Inc., IKO Industries, Inc., IKO Industries Ltd., IKO Midwest Inc., and IKO Production Inc. (collectively, the "IKO Defendants"). The Court has reviewed the Motion, its accompanying memorandum and declarations, the Settlement Agreement, and the record in this case. It is hereby ORDERED as follows:

1.  This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

2.  Unless otherwise indicated, all terms used in this Order shall have the same meaning ascribed to them in the parties' Settlement Agreement.

**Preliminary Approval of Settlement Agreement**

3.  Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's length negotiations by highly experienced counsel, with the

529103.6

assistance of an experienced mediator, falls within the range of possible approval. The terms of the proposed Settlement Agreement are preliminarily approved as fair, reasonable, and adequate, and are in the best interests of the Settlement Class, subject to a Final Approval Hearing as provided in this Order. The Court also preliminarily finds that the settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement Agreement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the settlement should be given to the Settlement Class.

### Class Certification

4. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies the following Settlement Class:

> All individuals and entities that, as of the date of this Agreement, own or owned homes, residences, buildings, or other structures located in the United States upon which the Shingles were installed. Excluded from the Settlement Class are:
>
> i. All individuals and entities who filed a claim concerning their Shingles in any court of law, if that claim has been resolved with a final judgment or order, whether or not favorable to the claimant;
>
> ii. Individuals and entities who signed a goodwill release following the submission of a warranty claim to IKO, unless the warranty claim was for Shingles on less than the whole roof and IKO made a settlement payment for less than the whole roof;
>
> iii. Individuals and entities who validly opt out of the Settlement in a timely manner;

    iv.    IKO, any entity in which IKO has a controlling interest, any entity which has a controlling interest in IKO, and IKO's legal representatives, assigns, and successors;

    v.    Counsel of record (and their respective law firms) for the Parties; and

    vi.    The Judge to whom this Litigation is assigned, any member of the Judge's staff, and any member of the Judge's immediate family.

5.    For purposes of the settlement of this case (and only for such purposes, and without adjudicating the merits), the Court makes the following findings.

    a.    The Settlement Class consists of many thousands of owners of buildings on which the Shingles were installed. The total number likely exceeds one million owners. Joinder of all Settlement Class Members is impracticable.

    b.    There exist questions of fact and law common to the Settlement Class Members. All Settlement Class Members contend that the Shingles are defective and allege consumer fraud, fraudulent concealment, warranty breaches, negligence, and unjust enrichment claims against the IKO Defendants. Several common issues include testing and conformity of the shingles to certain alleged standards and procedures.

    c.    The claims of the Named Plaintiffs are typical of the claims of the Settlement Class Members.

    d.    The Named Plaintiffs and Lead Counsel will fairly and adequately protect the interests of the Settlement Class.

    e.    Plaintiffs sought declaratory and injunctive relief in this case. Many benefits of this Settlement Agreement are injunctive or procedural in nature, such as extending

warranties by five years, providing a clear and manageable claim process, and narrowing the scope of releases for partial claims, all improving the claim procedures for Settlement Class Members. The cash payments, when Settlement Class Members choose them, will be incidental to other relief, and their calculation will be mechanical. Accordingly, certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(2) is appropriate.

f.  The questions of law and fact common to the Settlement Class Members and that are relevant for settlement purposes predominate over questions affecting only individual Settlement Class Members.

g.  Resolution of this Litigation in the manner proposed by the Parties' Settlement Agreement is superior to other available methods for a fair and efficient adjudication of this litigation. Accordingly, certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) is appropriate.

### Appointments

6.  As previously ordered in Joint Case Management Conference Statement And Order (March 2, 2010) (Dkt. No. 23), the Court confirms its appointment of Robert K. Shelquist of Lockridge Grindal Nauen, P.L.L.P., Charles E. Schaffer of Levin, Sedran & Berman, and Clayton D. Halunen of Halunen Law as Co-Lead counsel for the Settlement Class, and they shall serve as Lead Counsel in this Litigation.

7.  The Court appoints Plaintiffs Augustine, B. Curler, Zanetti, Trongone, Dion, Greenough, Hight, Pauly, Cobb, Taylor, Thibeault, Huckabee, L'Heureux, Bakken, Walters,

Noskey, Machuzak, Brown, Londergan, Czuba, Cantwil, Mesheau, and Delle Chiaie to serve as Settlement Class Representatives.

### Class Notice

8. The Court appoints KCC/Gilardi & Co. LLC as the Notice Provider to provide notice to the Settlement Class, and to perform the duties assigned to them as set forth in the Settlement Agreement, under the direction of counsel for the IKO Defendants.

9. The Court hereby approves the form and content of the proposed Class Notices as satisfying Fed. R. Civ. P. 23(c)(2) and 23(e) and due process and directs that notice of the proposed Settlement Agreement be provided to the Settlement Class in accordance with the provisions of Section 9 of the Settlement Agreement.

10. A Settlement Class Member may opt out of the Settlement Class. To exercise this exclusion right, the Settlement Class Member must send to the Notice Provider a written Request for Exclusion that is postmarked no later than twenty-one (21) days prior to the Final Approval Hearing (the "Opt-Out Date"). The Request for Exclusion must be personally signed by the Settlement Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Settlement Class.

11. The Notice Provider shall provide Class Counsel and IKO's Counsel with a final list of all Requests for Exclusion within five (5) business days after the Opt-Out Date. Named Plaintiffs shall file the final list of all timely Requests for Exclusion prior to or at the Final Approval Hearing.

## Opt-Outs and Objections

12. Any Settlement Class Member who has not timely and properly filed a written Request for Exclusion from the Settlement Class shall be bound by this Settlement and by all subsequent proceedings, orders, and judgments in this litigation. Any Settlement Class Member who elects to opt out of the Settlement Class pursuant to this Settlement Agreement shall not be entitled to relief under or be affected by the Settlement Agreement.

13. No person shall be entitled to contest the approval of the terms and conditions of the Settlement Agreement or the Final Order and Judgment to be entered thereon except by filing and serving written objections in accordance with the provisions of this Order and the Settlement Agreement. Any Settlement Class Member who does not submit a timely, written objection or request for exclusion from the Settlement Class in compliance with the procedures set forth in this Order and the Settlement Agreement will be deemed to have waived such objections and will, therefore, be bound by all proceedings, orders, and judgments in this Litigation, which will be preclusive in all pending or future lawsuits or other proceedings.

14. To object to the Settlement Agreement, a Settlement Class Member must provide written notice of the objection via first class mail to the Court, Class Counsel, and the IKO Defendants' counsel. The objection must bear the signature of the Settlement Class Member (even if represented by counsel), the Settlement Class Member's current address and telephone number, email address, if available, state the address(es) of the property or properties upon which the Shingles were installed, specify the number of units of residential property or other structures at each address containing Shingles, and state the exact nature of the objection and whether or not the Settlement Class Member intends to appear at the Final Approval Hearing. The objection must

also contain a clear statement of the basis for the objection and a list of other class action settlements to which the Settlement Class Member or the Settlement Class Member's counsel has objected in the previous four years. If the Settlement Class Member is represented by counsel, the objection shall also be signed by the attorney who represents the Settlement Class Member. Such objection must be postmarked or personally delivered by 45 days after publication of the Class Notices in this case. Objections sent by any Settlement Class Member to incorrect locations shall not be valid.

15. Settlement Class Members who submit an objection may be subject to deposition or discovery.

16. All other motions and deadlines pending in this litigation are hereby stayed.

**Final Approval**

17. A Final Approval hearing is hereby set for ___January 16___, 2019, in Courtroom A, United States Courthouse, 100 N.E. Monroe Street, Peoria, IL 61602, to determine whether the proposed Settlement Agreement is fair, reasonable and adequate, whether the proposed Settlement Class should be finally approved, and to consider any objections of Settlement Class Members, and to consider the application of Class Counsel for an award of reasonable attorneys' fees and expenses and any service awards to the Named Plaintiffs.

18. Prior to the Final Approval Hearing, Plaintiffs shall file a motion requesting that the Court grant final approval of the Settlement Agreement, approve the service awards, award attorneys' fees and costs, and that the Court enter a Final Approval Order approving the Settlement Agreement and dismissing the actions consistent with the terms of this Settlement Agreement.

19.     In the event that the Settlement Agreement is not approved by the Court or the settlement set forth in the Settlement Agreement fails to become effective in accordance with its terms, the Settlement Agreement shall be null and void, and the Parties shall be restored to their respective positions as if the Settlement Agreement and any application for its approval by the Court had not been made or submitted. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Litigation or in any other proceedings as an admission by any party or for any other purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc. Neither any award of an incentive payment to a Named Plaintiff in an amount less than that sought, nor an award of attorneys' fees, costs, and disbursements to Class Counsel in an amount less than that requested by Class Counsel, nor a reversal on appeal of any such award shall be deemed to be a modification of a material part of this Settlement Agreement that causes the Settlement Agreement to become null and void.

20.     All persons are hereby preliminarily enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members, if such other class action is based on or relates to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over this action. The Court finds no bond is necessary for issuing this injunction.

s/ James E. Shadid

Dated: /0 - /2, 2018

_____
Honorable James A. Shadid