**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| In re:<br><br>**IKO ROOFING SHINGLE PRODUCTS LIABILITY LITIGATION**<br><br>-------------------------------------------------------<br>**This Motion Relates To**<br><br>**ALL CASES** | Case No. 09-md-2104<br>MDL Docket No. 2104 |

**ORDER FOR FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT AND ENTRY OF FINAL JUDGMENT**

This matter is before the Court on Plaintiff's Motion For Final Approval of Class Action Settlement. The parties presented to the Court the Settlement Agreement between Plaintiffs and the IKO Defendants, dated October 3, 2018. The Court considered the briefs and arguments of counsel in support of Plaintiffs' motion for final approval of the Settlement Agreement, along with Plaintiff's motion for an award of attorney's fees and costs, and service awards, the proceedings at the Court's Final Approval Hearing on March 13, 2019, and the extensive record developed during years of litigation of this case. Based on these factors, the Court makes the following findings and order.

1. Notice of the proposed Settlement has been given to the Settlement Class in accordance with §§ 9.4 – 9.7 of the Settlement Agreement. The form, manner, and substance of this notice constituted sufficient notice to the Settlement Class Members in accordance with Fed. R. Civ. P. 23, and satisfied the requirements of 28 U.S.C. § 1715 and of Due Process. The notice fairly and adequately informed Settlement Class Members of all material elements of this litigation and the Settlement Agreement. The Class Notice is the best notice practicable under the

circumstances, and constituted due and sufficient notice of the Settlement, Final Approval Hearing, and other matters referred to in the Notice.

2.      Seventeen prospective Settlement Class Members have requested exclusion from the Settlement Class.  Sixteen of their requests were timely.  One request, by Richard Luzzo, was untimely.  Their names, IKO claim numbers, and opt-out request dates are listed in Exhibit A to this Order.

3.      Class Counsel and Counsel for the IKO Defendants, after extensive factual investigation, contested motions, and discovery, have engaged in arm's-length and lengthy good faith negotiations with the assistance of a well-regarded mediator.  These negotiations have resulted in the proposed Settlement as set forth in the Settlement Agreement.

4.      In this case, Plaintiffs contend that organic asphalt shingles manufactured by the IKO Defendants (the "Shingles") are subject to premature failure, and that the IKO Defendants resisted warranty claims and demanded that claimants release warranty claims for their whole roofs in exchange for paying claims for part of a roof.  Plaintiffs claimed consumer fraud, fraudulent concealment, breaches of warranty, negligence, and unjust enrichment, and sought declaratory and injunctive relief.

5.      Newly amended Fed. R. Civ. P. 23(e)(2) supports approving a class settlement if the settlement is fair, reasonable, and adequate after considering whether: class representatives and counsel adequately represented the class; the settlement was negotiated at arm's length; relief to the class is adequate; and the agreement treats class members equitably.  The Court finds the Settlement is appropriate for approval under the amended rules.  Class Counsel and the class representatives adequately represented the Settlement Class.  The Settlement was negotiated at

arm's length with a capable mediator after years of litigation. Relief to the Settlement Class is adequate, and the Settlement Agreement treats Settlement Class Members equitably relative to each other.

6.  The Court has also considered traditional factors in analyzing this settlement: (1) the strength of the Plaintiffs' case compared to the Settlement's terms; (2) the complexity, length, and expense of continued litigation; (3) the amount of opposition to the Settlement; (4) Class Counsel's opinion; and (5) the stage of proceedings and the amount of discovery completed. These traditional settlement approval factors also support approving this Settlement.

7.  The value of the settlement compared to the strength of Plaintiffs' case supports approving this Settlement. Unexpired warranties will be extended by five years, prorated at the same reduction factor as the first month of their last year. The IKO Defendants will extend new limited warranties for those warranties that expired within five years before the Settlement Agreement. This extension allows substantial additional claims, which Plaintiffs' counsel have estimated to have a value of $30 million. Settlement Class Members with successful claims may choose either the cash value of the replacement shingles or replacement fiberglass shingles of equal or greater value. For partial roof claims, the IKO Defendants will clarify its release form so it only releases claims related to the part of the Claimant's roof for which the IKO Defendants offered payment or replacement shingles. A clear and concise written claim filing procedure will be provided to Settlement Class Members for filing claims.

8.  Compared with the Settlement's value, the IKO Defendants denied the Plaintiffs' allegations and vigorously contested Plaintiffs' claims and class certification before settlement discussions ensued. There are substantial grounds for difference of opinion regarding the issues

of liability and remedies.  The proposed Settlement Agreement constitutes a resolution of those issues that is fair, reasonable, and adequate to members of the Settlement Class.

9. The complexity, length, and expense of continued litigation also support approving this Settlement.  A trial would require three weeks of trial time, as well as extensive pre-trial proceedings.  Trying the case would be expensive because of its complexity, its geographical scope, and the expert witnesses on each side.  The case has been appealed once, and any trial result might be appealed, adding further expense and delay in resolving the case.

10. Thirteen objections to the Settlement Agreement have been filed, out of over a million Settlement Class Members.  The Court has considered and denies all filed objections.  This lack of opposition to the Settlement also supports approval.

11. Class Counsel's opinion also supports approval in this case.  Class Counsel, experienced class action litigators familiar with construction product liability claims, have represented to the Court that they believe this Settlement to be fair, reasonable, and adequate.  The Settlement is the result of arms-length negotiations after years of litigation, and multiple mediation meetings with a well-regarded mediator, Hon. Wayne Anderson.  In 2016, the parties sent mediation statements to Judge Anderson, and held three mediation sessions with him, on March 21, 2016, November 29, 2017, and January 4, 2018.  In addition, Judge Anderson and the parties held numerous telephone conferences, letters, and emails.  The proposed Settlement Agreement was not finalized until July 2018.

12. The advanced stage of the proceedings and extensive completed discovery also support approving this Settlement.  Here, the parties briefed and argued defense motions to dismiss.  Class Counsel then obtained and reviewed over a million pages of documents and filed

twelve discovery motions. The parties took 24 depositions. Both sides challenged each other's experts. IKO filed seven summary judgment motions. The Court granted several of these motions in whole or in part. As a result, some Plaintiffs' cases were terminated in their entirety, while certain claims of other Plaintiffs were dismissed. Plaintiffs moved for class certification on January 5, 2012, and again on June 24, 2013. IKO contested both motions. Plaintiffs appealed the denial of their class certification motion. On appeal, the Seventh Circuit vacated the denial and remanded the case for further proceedings. Further motions for class certification and for summary judgment followed the Seventh Circuit's remand of the case. Class Counsel were well informed about the case after years of hard-fought litigation by the time they reached the Settlement.

13. The proposed Settlement Agreement resolves this extended litigation. It extends many existing and otherwise expired warranties, creates a straightforward claims process, allows Settlement Class Members to choose between cash payments or replacement shingles, and narrows the scope of IKO's releases for partial roof settlements.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

14. The Settlement Agreement is approved as fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the parties are directed to consummate the Settlement Agreement in accordance with its terms. All terms in this Order have the same meaning ascribed to them in the Settlement Agreement.

15. All persons within the definition of the Settlement Class other than those specifically excluded from the Settlement Class in § 1.1 (t) of the Settlement Agreement and those

who have timely requested exclusion from the Settlement Class as shown in Exhibit A, are hereby determined to be "Settlement Class Members."

16. Upon entry of this Order and Judgment, each and all of the Settlement Class Members are hereby bound by the terms and exclusive remedies related to the Shingles as set forth in the Settlement Agreement in lieu of the warranties issued by the IKO Defendants at the time the Shingles were sold.

17. All actions by Settlement Class Members in MDL Docket No. 2104 against the IKO Defendants are dismissed with prejudice. This dismissal of MDL 2104 cases includes all cases that were transferred to or coordinated or consolidated with MDL 2104, as well as all lawsuits that were filed in the United States District Court for the Central District of Illinois against one or more of the IKO Defendants relating to the Shingles.

18. All Settlement Class Members shall be conclusively deemed to have fully, finally, and forever released and discharged all Released Persons from any and all claims, demands, rights, liabilities, or causes of action, whether known or unknown, related to, in connection with, or arising out of the facts asserted in the Complaint or Litigation, or which could have been asserted in the Complaint or Litigation, which any member of the Settlement Class Member has, or may have in the future, except as provided in Sections 6.7 and 13.1 of the Settlement Agreement. Pursuant to § 13.1 of the Settlement Agreement, such release will not release the IKO Defendants from:

    (a) any obligations that IKO has assumed under the Settlement Agreement;

    (b) any claims for bodily injury, including claims for pain and suffering; or

(c) obligations incurred by IKO in settlements it has made with Settlement Class Members prior to the Effective Date.

19. Settlement Class Members reserve and retain any and all claims and causes of action against any and all persons or entities other than Released Persons, subject to the limitations described in § 13.4 of the Settlement Agreement.

20. Upon the occurrence of the Effective Date of the Settlement, the IKO Defendants shall pay Class Counsel's fair and reasonable fees and reimbursement of costs and expenses as awarded by the Court. The award of such fees and costs and expenses shall be made pursuant to a separate Order, but will not exceed $7,500,000.

21. Service fee awards pursuant to § 7.2 of the Settlement Agreement are awarded to the following named Plaintiffs: $7,500 to Augustine; $7,500 to B. Curler; $7,500 to Zanetti; $7,500 to Trongone; $7,500 to Dion; $7,500 to Greenough; $7,500 to Hight; $7,500 to Pauly; $3,000 to Cobb; $3,000 to Taylor; $3,000 to Thibeault; $3,000 to Huckabee; $3,000 to L'Heureux; $3,000 to Bakken; $3,000 to Walters; $3,000 to Noskey; $3,000 to Machuzak; $3,000 to Brown; $7,500 to Londergan; $7,500 to Czuba; $7,500 to Cantwil; $7,500 to Mesheau, and $3,000 to Delle Chiaie. These payments shall be paid from the award to Class Counsel for attorneys' fees and costs.

22. Consummation of the Settlement shall proceed as described in the Settlement Agreement and the Court hereby retains jurisdiction of this matter in order to resolve any disputes which may arise in the implementation of the Settlement Agreement or the implementation of this Final Approval Order and Judgment. The Court retains continuing and exclusive jurisdiction for purposes of supervising the implementation of the Settlement Agreement and to interpret and

enforce the terms, conditions, and obligations of this Settlement Agreement and the Court's orders and judgments. In the event of a breach by an IKO Defendant or a Settlement Class Member under the Settlement Agreement, the Court may exercise all equitable powers over the IKO Defendant or such Settlement Class Member to enforce this Settlement Agreement and this Final Approval Order and Judgment regardless of the availability or adequacy of any remedy at law. Such powers include, among others, the power of specific performance, contempt, and injunctive relief.

23.     Final judgment shall be entered as provided herein.

24.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack of validity of any released claim, or of any wrongdoing or liability of any Releasing Party or Released Person, or (ii) is or may be deemed to be or may be used as an admission of, any fault or omission of any Releasing Party or Released Person in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The IKO Defendants may file the Settlement Agreement or this Order in any other action that may be brought against them related to the Shingles in order to support a defense based on principals of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any theory of claim or issue preclusion or similar defense.

25.     All Settlement Class Members are hereby permanently barred and enjoined from suing any Released Person based on any claim released by Sections 13.1 and 13.2 of the Settlement Agreement, except as provided in Sections 6.7 and 13.1 of the Settlement Agreement. The Court

finds that the issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the Litigation and to protect and effectuate this Final Approval Order.

26.  In the event that the Settlement Agreement does not become effective, is terminated, or is disapproved by any appellate court, then the Court's certification of the Settlement Class shall be automatically vacated, the Settlement Agreement shall be null and void, the Parties shall be restored to their respective positions as if the Settlement Agreement and any application for its approval by the Court had not been made or submitted, and this Final Approval Order shall be rendered null and void.  In such event, all orders entered and releases delivered in connection therewith shall be null and void.

27.  There is no just reason for delay of entry of judgment or any appeal.

Dated:  March 13, 2019                                      /s James E. Shadid                          
                                                            Honorable James E. Shadid

529120.12A                                    9

# EXHIBIT A

In re IKO Roofing Shingles Products Liability Litigation
Request for Exclusion List

| Claim ID | First Name | Last Name | Opt Out Date |
|---|---|---|---|
| IKR-100139337 | ALVIN | STYCZYNZKI | 1/22/2019 |
| IKR-100008224 | DANA | LANCASTER | 1/23/2019 |
| IKR-800000021 | SHARON | BUCHECK | 1/23/2019 |
| IKR-100092330 | ROBERT | REED | 1/26/2019 |
| IKR-100006396 | ROGER | VANWERT | 2/1/2019 |
| IKR-100126804 | ARMAND | BESSETTE | 2/1/2019 |
| IKR-100076408 | SHEILA | LUNT | 2/11/2019 |
| IKR-800000013 | CLAUDE | LUNT | 2/11/2019 |
| IKR-100116221 | JOSEPH | BONANNO | 2/15/2019 |
| IKR-100117988 | LOUIS | MILLER | 2/15/2019 |
| IKR-800000030 | CONSTANCE | BONANNO | 2/15/2019 |
| IKR-100106315 | JUDY | HANKEN | 1/24/2019 |
| IKR-800000048 | RICHARD | ANDERSON | 1/29/2019 |
| IKR-800000056 | DEBORAH L. | MORIN | 2/13/2019 |
| IKR-100125824 | ROBERT | MORIN | 2/13/2019 |
| IKR-100125158 | RICHARD | LUZZO | 2/21/2019 |
| IKR-100124828 | JEFF | SMITH | 2/19/2019 |